IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SPENCER H. HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 09-3201 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Spencer H. Harris' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition) and his Motion to Amend Petition (d/e 4). The Court allows the Motion to Amend the Petition. The Court determines, though, that an evidentiary hearing is not necessary. For the reasons set forth below, the Petition, as amended, is denied.

STATEMENT OF FACTS

On August 3, 2006, a grand jury indicted Harris on the charge of distribution of five or more grams of a mixture or substance containing cocaine base ("crack"), in violation of 21 U.S.C. § 841(b)(1)(B) (Count 1).

1

United States v. Harris, C.D. Ill. Case No. 06-30058 (Criminal Case), Indictment (Case No. 06-30058 d/e 6). Harris pleaded not guilty. Criminal Case, Minute Entry entered August 9, 2006.

On September 8, 2006, a grand jury issued a superseding indictment, adding three additional charges: possession of five or more grams of a mixture or substance containing cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count 3); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count 4). Criminal Case, Superseding Indictment (Case No. 06-30058 d/e 14). The charge in Count 4 carried a mandatory sentence of 60 months, to run consecutively to any sentence imposed on the other charges. 18 U.S.C. § 924(c). Harris pleaded not guilty to the additional charges, and the Court set the matter for jury trial on October 3, 2006. Criminal Case, Minute entry entered September 14, 2006.

On September 27, 2006, the Government filed a notice that it intended to seek to admit evidence at trial of other crimes committed by Harris under Federal Rule of Evidence 404(b). Criminal Case,

<u>Government's Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence and Statements Given by the Defendant (Case No. 06-30058 d/e 9)</u>. On September 28, 2006, Harris' defense counsel Stanley Wasser filed a Motion in Limine to bar this evidence. <u>Criminal Case, Defendant's Motion in Limine No. 1 (Incorporating Defendant's Response to Government's 404(b) Notice) (Case No. 06-30058 d/e 11)</u>.

On September 29, 2006, attorney Wasser spoke with the prosecutor, Assistant U.S. Attorney Patricia McInerney. McInerney presented a proposed Plea Agreement. If Harris would agree to plead guilty to a powder cocaine charge and a § 924(c) gun charge, McInerney would not file a notice of a prior felony drug trafficking conviction. Without the notice, Harris would face a statutory maximum sentence on the proposed powder cocaine charge of 20 years, plus a mandatory 5 years on the § 924(c) gun charge. 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(c)(1)(A). If the notice of a prior conviction was filed, the maximum sentence on the current crack cocaine charges would increase to life. 21 U.S.C. §§ 841(b)(1)(B) & 851. Wasser estimated that, if Harris accepted the plea offer, his sentence at the low end of the applicable sentencing guideline range would be 168 months on Count 1, plus 60 months on Count 4, for a total of 228 months. <u>Response to</u>

Motion Under 28 U.S.C. § 2255 (d/e 7)(Response), Exhibit 2, Affidavit of Stanley Wasser (Wasser Affidavit), ¶ 8.

Wasser met with Harris on October 1, 2006. Wasser began to discuss the plea offer. Harris told Wasser that he had no interest in any plea and that he wanted to go to trial. On October 3, 2006, Wasser met with Harris again. At that time, Wasser handed Harris a six-page letter in which Wasser set forth an evaluation of Harris' case, including an evaluation of the plea offer. Wasser estimated the likely sentencing range if Harris was convicted of any of the charges at trial. Wasser recommended accepting the plea offer. Harris never spoke to Wasser about accepting the plea offer or discussing the offer further. Wasser Affidavit, ¶¶ 10-13.

The Court held a hearing on the Motion in Limine on October 3, 2006. The Motion was allowed in part and denied in part. Criminal Case, Minute Entry entered October 3, 2006.

On October 4, 2006, the grand jury issued a Second Superseding Indictment, charging Harris with an additional count of distribution of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C) (Count 5). Criminal Case, Second Superceding Indictment (Case no. 06-30058 d/e 14). Harris pleaded not guilty to this charge also. The Government also filed the notice

4

of prior convictions.  Criminal Case, Information Regarding Prior Felony Drug Conviction (Case No. 06-30058 d/e 13).  Criminal Case, Minute Entry entered October 4, 2006.

Harris' trial began on October 4, 2006.  At the end of the trial, on October 10, 2006, the jury found Harris guilty of all charges.  Criminal Case, Jury Verdict (Case No. 06-30058 d/e 16).  On October 12, 2006, attorney Wasser moved to withdraw as counsel for Harris and to extend the time for Harris to file post-trial motions.  Criminal Case, Motion of Defendant's Counsel to Withdraw from Representation (Case No. 06-30058 d/e 18); Criminal Case, Defendant's Motion for Extension of Time to File Motions Under rule 29 and 33 (Case No. 06-30058 d/e 19).  The Court allowed the motions at a hearing on October 18, 2006.  The Court initially appointed attorney Ronald Stone to represent Harris, but attorney Stone withdrew because of a conflict of interest.  The Court then appointed attorney Babette Salus.  Criminal Case, Text Order entered October 20, 2006.  Attorney Salus moved to withdraw on February 12, 2007.  The Court allowed the motion at a hearing on February 21, 2007, and then appointed attorney D. Peter Wise to represent Harris.  Criminal Case, Minute Entry entered February 21, 2007.

Harris' sentencing hearing occurred on May 21, 2007. More than a month prior to the sentencing hearing, attorney Wise sent the Probation Office a seven-page letter listing 15 objections (plus numerous sub-parts) to the Presentence Investigation Report (PSR). Response, Exhibit 3, Letter dated March 30, 2007. The objections were resolved before the sentencing hearing. At the sentencing hearing, neither Harris nor Wise raised any objections to the PSR. Criminal Case, Minute Entry entered May 21, 2007. The Court adopted the findings of the PSR. Id. The Court found that Harris was a career offender. The career offender enhancement resulted in an offense level of 37 and a criminal history category of VI. The resulting sentencing range was 360 months to life. Count 4 required a mandatory consecutive sentence of 60 months. The Court sentenced Harris to 460 months imprisonment, consisting of 400 months on Counts 1, 2, and 5, and 120 months on Count 3, all to run concurrently with each other; and 60 months on Count 4, to run consecutively to the other sentences. Judgment in a Criminal Case (Case No. 06-30058 d/e 42); Statement of Reasons (Case No. 06-30058 d/e 43).

Harris filed a Notice of Appeal on May 23, 2007. The Court of Appeals appointed attorney Arthur J. Rooney to represent Harris on appeal.

6

Harris raised three issues on appeal: (1) the trial court erred in allowing evidence of uncharged and unrelated drug transactions; (2) the trial court erred in allowing evidence of Harris' ownership of unrelated firearms, ammunition, and multiple vehicles; and (3) the Government's closing argument was improper and prejudicial. <u>Response</u>, Exhibit 1, <u>Brief and Required Short Appendix of Defendant-Appellant Spencer Harris</u>. The Court of Appeals affirmed the conviction on August 6, 2008. <u>United States v. Harris</u>, 536 F.3d 798 (7th Cir. 2008), overruled on other grounds, <u>United States v. Corner</u>, 598 F.3d 411, 416 (7th Cir. 2010). Harris did not file a petition for certiorari. Harris filed the Petition on August 10, 2009. Harris executed the Motion to Amend Petition on September 8, 2009, and the Clerk received the Motion on September 11, 2009. <u>Motion to Amend Petition, at 1-2</u>.

## ANALYSIS

As an initial matter, Harris moves to amend his Petition to add an additional claim. The Government objects on the grounds that the amendment is untimely. The Government argues that the Motion to Amend Petition was filed after the one-year statute of limitations ran. The Court finds that the amendment is timely. The applicable portion of the

7

statute of limitations bars § 2255 petitions filed more than one year after the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The judgment of conviction becomes final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffin v. Kentucky, 479 U.S. 314, 321 n.6 (1987); see Latham v. United States, 527 F.3d 651, 651 (7th Cir. 2008). The time for Harris to file a petition for certiorari elapsed on November 5, 2008, ninety days after the Court of Appeals affirmed Harris' conviction on August 6, 2008. Sup. Ct. R. 13. Harris, therefore, had until November 5, 2009, to file his § 2255 petition. The September 2009 Motion to Amend Petition was timely. The Motion to Amend the Petition is allowed.

Harris raises four grounds in the amended Petition: (1) Harris' Fifth and Sixth Amendment rights were violated because the District Court improperly allowed the Indictment to be amended by allowing evidence of other crimes; (2) Harris' Sixth Amendment rights were violated because he received ineffective assistance of counsel at trial; (3) Harris' Sixth Amendment rights were violated because he received ineffective assistance of counsel on appeal; and (4) Harris' rights were violated when the Court

improperly included an enhancement in the Sentencing Guideline calculation for possession of a weapon in connection with a drug offense. Petition, at 5-11; Motion to Amend Petition, at 1-2. In order to receive an evidentiary hearing on his claims, Harris must present actual proof of the allegations. Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002). See Section 2255 Rule 8(a). Harris fails to meet this burden.

CLAIM 1: AMENDED INDICTMENT

Harris argues that the Indictment was amended in violation of his rights because the Government presented evidence of other crimes under Federal Rule of Evidence 404(b). This is incorrect. The presentation of evidence of other crimes does not amend the indictment where: (1) the Court gave appropriate limiting instructions, (2) the jury was properly instructed on the nature of the charge and the proof necessary to establish the charge, and (3) there is no evidence to indicate that the jury did not follow instructions. United States v. Johnson, 248 F.3d 655, 665 (7th Cir. 2001); United States v. Mounts, 35 F.3d 1208, 1216 (7th Cir. 1994). That is the case here. The Court gave the appropriate instructions, including limiting instructions, and Harris has no evidence that the jury did not follow those instructions. There was no amendment of the Indictment.

CLAIM 2:  INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

Harris claims that his trial counsel was ineffective in several respects. To prevail on any of these claims, Harris must show: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance resulted in prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  The Court will address each claim in order.

1. Failure to Move to Strike Testimony of Witness David Haynes

Harris states that attorney Wasser was ineffective because he failed to move to strike the testimony of Government witness David Haynes after it was revealed that Haynes continued to commit crimes after he agreed to work as a confidential informant for the Government.  This claim is meritless.  Haynes' commission of crimes in violation of his agreement with the Government was not a basis to strike his testimony.  Wasser properly did not make such a motion.  His performance in this respect did not fall below the objective standard of reasonableness.

2. Failure to Adequately Challenge the Evidence Used to Convict Harris of Count 4

Harris argues that there was insufficient evidence to prove the §

924(c) charge in Count 4, and attorney Wasser was ineffective in challenging the evidence that was presented. Harris provides no proof for this assertion. The Government has submitted extensive quotations from the record of the Criminal Case of Wasser's arguments on this issue to the Court and the jury, and also, his proposed jury instruction on the issue. Response, at 12-15. A review of those quotations demonstrate that Wasser's arguments to challenge the evidence on the § 924(c) charge met the objective standard of reasonableness.

    3.    <u>Failure to Object to Witnesses Testifying to Both the Crimes Charged and to Uncharged Misconduct</u>

Harris claims that witnesses who testified regarding the crimes charged in the Second Superceding Indictment cannot testify about uncharged misconduct that is admissible under Rule 404(b). Harris provides no authority for this proposition, and the Court is not aware of any that would support this proposition. Wasser met the objective standard of reasonableness in not raising such an objection. The Court also notes Wasser vigorously objected to the admission of evidence of other crimes. He filed a motion in limine to bar such evidence. He succeeded in barring some of the evidence. The Court of Appeals found that the admission of

the remaining evidence of other crimes was proper.  <u>Harris</u>, 536 F.3d at 807-10.  Wasser met the objective standard of reasonableness in his efforts to exclude evidence of other crimes.

    4.    <u>Failure to Move to Strike Government Witnesses Who Testified Inconsistently With Prior Statements</u>

Harris claims that Wasser should have moved to strike the testimony of Government witnesses who testified to a different version of events than that previously provided to prosecutors and law enforcement officers. Harris fails to meet his burden to provide proof of this claim because he does not identify the witnesses involved, the testimony and the inconsistent statements.  Harris also provides no authority for the proposition such inconsistent testimony should be stricken, and the Court is not aware of any such authority.  Prior inconsistent statements provide a basis to cross examine witnesses and to argue to the jury that their testimony is not credible, but inconsistencies do not support striking testimony.  Wasser met the objective standard of reasonableness in not moving to strike any such testimony.

    5.    <u>Failure to Object to Comments During Questioning</u>

Harris claims that Wasser was ineffective because he failed "to object

to comments made by prosecutors during questioning of government witnesses. This constituted prosecutorial abuse, and demanded a mistrial absent curative instructions." <u>United States v. Nickell</u>, 552 F.2d 684 (6th Cir. 1977)." <u>Petition</u>, at 7.[1] This is all the information Harris provides to the Court. The Court cannot evaluate this claim because Harris does not identify the comments or the reasons the comments were prejudicial. He therefore fails to meet his initial burden of coming forward with evidence of this claim. <u>Galbraith</u>, 313 F.3d at 1009.

      6.    <u>Failure to Investigate or Advise on Entering a Guilty Plea</u>

Harris claims that Wasser failed to investigate the case adequately or to advise him adequately on entering a guilty plea. Harris again fails to present evidence to support his claim that Wasser failed to investigate or prepare this case. He therefore fails to meet his burden to present evidence to show that any such investigation would have produced a different result. <u>See</u> <u>United States v. Farr</u>, 297 F.3d 651, 658 (7th Cir. 2002). The record of the Criminal Case provides no indication that Wasser was unprepared.

Harris also provides no evidence to support his claim that Wasser did

---

[1] Page numbers referenced on the Petition are the page numbers placed thereon by the Court's electronic filing system.

not adequately advise him on entering a guilty plea. Wasser's Affidavit establishes that he did advise Harris on entering a guilty plea. Harris' decision to go to trial is no indication of any lack of Wasser's competence. Wasser met the objective standard of reasonableness in advising Harris to enter a guilty plea.

    7.    <u>Failure to Employ an Expert</u>

Harris claims that Wasser was ineffective in failing to employ an expert to test the crack cocaine independently. Harris, again, provides no evidence to indicate that the crack cocaine was anything else. Wasser properly determined that having another expert confirm the Government's findings would only hurt Harris' case. Wasser's decision not to engage an expert to test the drugs independently met the objective standard of reasonableness.

    8.    <u>Failure to Challenge Evidence Used to Determine Base Offense Level and to Enhance Sentence</u>

Harris claims that attorney Wise was ineffective because he failed to challenge the prior convictions used to enhance Harris' sentence, and Wise failed to seek a reduction in the base offense level used in the Sentencing Guidelines' calculations. Harris claims that the evidence used to determine

the base offense level was not reliable. Harris again fails to meet his burden to present proof of the basis of this claim. Harris presents no evidence to support his claim. The March 30, 2007, letter from attorney Wise to the Probation Office also demonstrates that Wise made numerous objections to the basis for the Sentencing Guidelines' calculations in the draft PSR. Wise was successful in resolving those objections as shown by the fact that Harris had no objections to the final PSR at the sentencing hearing.

   9.    <u>Failure to Move to Sever Count 3</u>

Harris claims that attorney Wasser was ineffective because he did not move to sever the felon in possession of a firearm charge in Count 3. Harris argues that the charge allowed the Government to present evidence of his prior felony conviction to the jury, and such evidence was prejudicial. To prevail on this claim, Harris must present evidence that there was a reasonable probability that Harris would have been acquitted of the other charges if a severance had occurred. <u>Strickland</u>, 466 U.S. at 687. Harris has presented no proof on this aspect of his claim. A review of the transcript and exhibits in the Criminal Case show that the evidence to support the other charges was quite strong. The Court, therefore, finds that Harris failed to establish the required showing of prejudice on this claim.

  10. <u>Failure to Provide a Defense</u>

  Harris claims that Wasser was ineffective by refusing to present any defense to the charges. Harris' claim is factually incorrect. The record of the trial in the Criminal Case shows that Wasser provided a defense by challenging the Government's witnesses and evidence, and by arguing that the evidence presented was not sufficient to prove Harris' guilt beyond a reasonable doubt. Wasser provided a vigorous defense. Harris seems to be arguing that Wasser should have presented evidence as part of the defense. Harris, however, does not identify any evidence that Wasser should have presented, or explain how such unidentified evidence would have affected the outcome. Such vague allegations are insufficient to demonstrate a right to evidentiary hearing on the issue. See <u>Brannigan v. United States</u>, 249 F.3d 584, 591 (7th Cir. 2001).

  11. <u>Failure to Argue *Kimbrough*</u>

  Harris claims that attorney Wise was ineffective at sentencing for failing to argue the applicability of <u>Kimbrough v. United States</u>. <u>Kimbrough</u>, 552 U.S. 85, (2007). The Supreme Court in <u>Kimbrough</u> held that the District Court could consider the sentencing disparity between crack cocaine and powder cocaine at sentencing. <u>Id.</u>, at 91. Harris was

sentenced on May 21, 2007. The Supreme Court, however, issued the decision in Kimbrough on December 10, 2007. Attorney Wise could not argue the applicability of an opinion that did not yet exist. Wise met the objective standard of reasonableness in arguing the law as it existed at the time. Harris failed to establish any basis for a finding of ineffective assistance of trial counsel.

CLAIM 3: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Harris claims that his appellate counsel was ineffective as follows:

Appellate counsel did not properly prepare the appeal brief by engaging in legal research on the issues. His arguments were of the boiler type, and simply pronounced broad general principles without making an attempt to distinguish petitioner's case from other decisions, particularly on the argument surrounding admission of other other [sic] crimes evidence under Rule 404(b).

Petition, at 10. In response, the Government has submitted the appellate brief that attorney Rooney filed before the Seventh Circuit. Response, Exhibit 1, United States v. Harris, Case No. 07-2195, Brief and Required Short Appendix of Defendant-Appellant Spencer Harris. The brief disproves Harris' claim. The brief demonstrates a thorough analysis and argument of the issues raised on appeal. Attorney Rooney met the objective standard of reasonableness in representing Harris on appeal.

17

CLAIM 4:  MISCALCULATION OF THE BASE OFFENSE LEVEL

Harris claims that the Court improperly enhanced his base offense level on the drugs charges by four levels for possession of a firearm in connection with a drug offense.  He argues that this enhancement is improper double counting because he was separately charged and convicted in Count 4 of carrying a weapon in furtherance of a drug trafficking offense.  Even if Harris is correct, he suffered no prejudice because he was sentenced as a career offender.  Because of his prior drug conviction, Harris faced a maximum penalty on Counts 1 and 2 of life in prison.  21 U.S.C. § 841(b)(1)(B).  As a result, his offense level as a career offender was a minimum of 37.  U.S.S.G. § 4B1.1(b).  The Court found that Harris' final offense level was 37.  <u>Judgment in a Criminal Case (Case No. 06-30058 d/e 42)</u>; <u>Statement of Reasons (Case No. 06-30058 d/e 43)</u>.  Thus, the final offense level was controlled by the career offender guideline, and the four-level enhancement for possession of a weapon in connection with a drug trafficking offense had no effect on the final guideline sentencing range.  Harris suffered no prejudice.  He is not entitled to a hearing on this claim, or any of his other claims.

THEREFORE, Petitioner's Harris' Motion to Amend Petition (d/e 4)

is ALLOWED, and the Petition (d/e 1), as amended, is DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: July 27, 2010

   FOR THE COURT:

           s/ Jeanne E. Scott
          JEANNE E. SCOTT
       UNITED STATES DISTRICT JUDGE