IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SPENCER HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3201 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This matter comes before the Court on Petitioner Spencer Harris' Motion for Reconsideration (d/e 13).  This Court denied Harris' § 2255 Petition.  Opinion entered July 28, 2010 (d/e 11) (Opinion).  Harris asks this Court to reconsider that decision.  For the reasons set forth below, the Motion is allowed for the limited purpose of addressing whether Harris is entitled to a certificate of appealability (COA) pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings (Rule 11).  The Motion is otherwise denied.

Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale De Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264,

1


1269 (7th Cir. 1996). Petitioner presents no newly discovered evidence, and the Opinion contains no manifest error of law or fact. Nothing that the Petitioner raises in his Motion shows that his conviction or sentence violated his constitutional rights.

Harris argues that the Court improperly relied on Affidavits filed by the Government. The cases cited by Harris do not reflect the current law which imposes on him an affirmative burden to present evidence. Opinion, at 9; Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002). Harris failed to present any evidence. The Court, therefore, had no need for an evidentiary hearing because the Government's affidavits were uncontroverted.

Harris also cites recent decisions which reexamined the basis for admitting evidence under Federal Rule of Procedure 404(b), and reconsidered the discretion that this Court had to consider the crack-cocaine sentencing disparities when it sentenced Harris as a career offender. Welton v. United States, __ U.S.__, 130 S.Ct. 2061 (mem.) (2010); United States v. Gorman, 613 F.3d 711 (7th Cir. 2010); United States v. Corner, 598 F.3d 411 (7th Cir. 2010). These decisions do not establish that Harris' rights were somehow violated because defense counsel properly argued then

2

existing law, and this Court and the Seventh Circuit properly applied then existing law. The Court sees no basis for reconsideration on any of these grounds.

The Opinion, however, did not comply with the new requirement to determine whether the Petitioner is entitled to a COA. Rule 11. Pursuant to Rule 11, the Court now considers whether it should issue a COA. A federal district court should issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A § 2255 petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Rule 11 allows a court to have the parties "submit arguments on whether a certificate should issue." Rule 11(a). In this case, the Court finds that such a step is unnecessary. No reasonable jurist would contend that: (1) Harris' rights were violated by allowing evidence of other crimes, (2) Harris received ineffective assistance of counsel at trial or on appeal; or (3) the trial Court improperly included a sentencing enhancement

3

for possession of a weapon in connection with a drug offense. Harris has not met his burden, and accordingly, the Court denies Harris a COA.

THEREFORE, Petitioner's Motion for Reconsideration (d/e 13) is ALLOWED for the limited purpose of reconsidering the Opinion entered July 28, 2010 (d/e 11) to find that Petitioner is not entitled to a Certificate of Appealability. The Motion is otherwise DENIED.

ENTERED this 24th day of September, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE